UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SEMINOLE WALLS & CEILINGS CORP., | ) ) | Case No. 6:01-bk-01966-KSJ Chapter 7 |
| | ) | |
| Debtor. | ) ) | |
| | | |
| CARLA MUSSELMAN, TRUSTEE, | ) ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-77 |
| vs. | ) ) | |
| DEBBIE JASGUR, JOSEPH JASGUR, ROBERT L. FOX, DARTLIN J. AFRICH, AFRICH MAINTENANCE, INC., AFRICH MANAGEMENT & INVESTMENT, INC., VINTAGE PARTNERS, INC., BRADLEY E. WHITTLE, THE FUNDING SOLUTIONS, INC., JOSEPH YARON, PITA CORPORATION, PAUL PHILIPSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| CARLA MUSSELMAN, | ) ) | |
| Plaintiff, | ) | Adversary No. 6:04-ap-79 |
| vs. | ) ) | |
| AFRICH MANAGEMENT & INVESTMENTS, INC., AFRICH MAINTENANCE, INC., DARTLIN J. AFRICH, ROBERT L. FOX, PITA CORPORATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION DENYING
CROSS MOTIONS FOR SUMMARY JUDGMENT

In this third decision in a trilogy of opinions,[1] a Florida bankruptcy court is again interpreting Texas law regarding ownership of property held by PITA, a dissolved Texas corporation. In the first opinion, the Court, among other rulings, held that PITA had acquired ownership interests in certain tangible assets but did not otherwise acquire any enforceable claims or interests (Doc. No. 278 in Adv. Pro. No. 04-77). In the second opinion (Doc. No. 365 in Adv. Pro. No. 04-77), the Court concluded that PITA could acquire assets during Texas' three-year corporate wind-up period.[2] Now, in this third opinion, the Court addresses the question of what happens to PITA's property after the three-year wind up period ends.

The parties filed cross-motions[3] for summary judgment[4] raising two issues. First, who gets a dissolved Texas corporation's unliquidated, physical assets upon expiration of the three-year wind-up period? Second, whether the debtor in this Chapter 7 case, Seminole Walls and Ceilings ("SWC"), is the 100 percent shareholder of PITA such that the Chapter 7 trustee is

---

[1] All terms used in this Memorandum Opinion shall have the same definition used in the two prior decisions. (Doc. Nos. 278 and 365 in Adv. Pro. No. 04-77).

[2] On February 12, 1999, PITA forfeited its charter and, therefore, was dissolved pursuant to Texas Business Corporations Act Article 7.12(F)(1). After that date, PITA had three years, until February 12, 2002, to wind-up its business affairs. Tex. Bus. Corp. Act Art 7.12(A).

[3] The parties have filed cross-motions for summary judgment and supporting memoranda (Doc. Nos. 371, 378, 385, 386, 387, and 388 in Adv. Pro. No. 04-77; Doc. Nos. 230, 236, 241, 242, 243, and 244 in Adv. Pro. No. 04-79).

[4] Pursuant to Federal Rule of Civil Procedure 56, which is applicable under the Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the right to summary judgment. Fitzpatrick v. Schlitz (In re Schlitz), 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986). In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

vested with standing to set aside transfers of PITA's assets.[5] Because material factual disputes exist, the Court denies the parties' cross-motions for summary judgment.

Regarding the first issue, PITA had not liquidated its assets when the wind-up period ended on February 12, 2002. The Chapter 7 trustee argues that, in this circumstance, the property vests in the shareholder(s) of the dissolved corporation subject to liens of the dissolved corporation's creditors pursuant to Texas law. Conversely, the Africh Defendants argue that the property does *not* vest with the shareholder(s) but rather remains in some ether world awaiting creditor claims.

Article 6.04 of the Texas Business Corporations Act[6] governs this issue and provides that, after a corporation's creditors are satisfied, its assets are distributed "either in cash or in

---

[5] The Chapter 7 trustee may assert rights held by the debtor, SWC. In re Witco, 374 F.3d 1040, 1043 (11th Cir. 2004) (the trustee can take no greater rights in property than that held by the debtor as of the commencement of the bankruptcy case). Therefore, if SWC has no ownership rights in PITA, neither does the Chapter 7 trustee.

[6] **Art. 6.04. Procedure Before Filing Articles of Dissolution**

A. Before filing articles of dissolution:

(1) The corporation shall cease to carry on its business, except insofar as may be necessary for the winding up thereof.

(2) The corporation shall cause written notice by registered or certified mail of its intention to dissolve to be mailed to each known claimant against the corporation.

(3) The directors of the corporation shall manage the process of winding up the business or affairs of the corporation. The corporation shall proceed to collect its assets, dispose of such of its properties as are not to be distributed in kind to its shareholders, pay, satisfy, or discharge all its debts, liabilities, and obligations, or make adequate provision for payment, satisfaction, or discharge thereof, and do all other acts required to liquidate its business and affairs, except that if the properties and assets of the corporation are not sufficient to pay, satisfy, or discharge all the corporation's debts, liabilities, and obligations, the corporation shall apply its properties and assets so far as they will go to the just and equitable payment, satisfaction, or discharge of its debts, liabilities, and obligations or shall make adequate provision for such application. After paying, satisfying, or discharging all its debts, liabilities, and obligations, or making adequate provision for payment, satisfaction, or discharge thereof, the corporation shall then distribute the remainder of its properties and assets, either in cash or in kind, to its shareholders according to their respective rights and interests.

(4) The corporation, at any time during the liquidation of its business and affairs, may make application to any district court of this State in the county in which the registered office of the corporation is situated to have the liquidation continued under the supervision of such court as provided in this Act.

B. The corporation may continue its business wholly or partly, including delaying the disposition of property of the corporation, for the period necessary to avoid unreasonable loss of the corporation's property or business.
V.A.T.S. Bus.Corp.Act, Art. 6.04.

kind, to its shareholders according to their respective rights and interests." V.A.T.S. Bus. Corp. Act, Art. 6.04; Huff v. Harrell, 941 S.W.2d 230, 235 (Tex.-App.-Corpus Christi, 1996); Henry I. Siegel Company, Inc., v. Holliday, 663 S.W.2d 824, 827 (Tex. 1984). If, as is the case here, a dissolved corporation fails to timely liquidate assets and pay creditors' claims, the shareholders still receive the assets upon final dissolution. However, the assets are subject to an equitable lien/constructive trust to secure any unpaid, pre-dissolution claims. North American Sav. Ass'n v. Metroplex Development Partnership, 931 F.2d 1073, 1078 (5th Cir. 1991) (assets received by shareholders are burdened with an equitable lien to secure pre-dissolution claims when the assets are traceable and not in the hands of a bona fide purchaser) (citing Hunter v. Fort Worth Capital Corp., 620 S.W. 2d 547, 550 (Tex. 1981)); U.S. V. Wallace, 961 F.Supp. 969, 980 (N.D. Tex. 1996). Creditors with unpaid, pre-dissolution claims can seek recovery from officers and directors of the dissolved corporation (and perhaps from shareholders) for failing to timely liquidate assets during the three-year wind-up period.[7] North American Sav. Ass'n, 931 F.2d at 1078-80.

Applying the established law in Texas to the undisputed facts in this case, PITA did not timely liquidate all of its assets prior to the termination of its wind-up period on February 12, 2002. As such, its shareholder(s) received its assets subject to the liens of PITA's creditors. On this point, the Court will establish the law of the case and find that PITA's shareholder(s), whoever they are, received both legal and equitable title to any assets PITA held on February 12, 2002.

---

[7] In North American Sav. Ass'n, the Court of Appeals for the Fifth Circuit further observed that "an *officer* or *director* who receives corporate assets in dissolution might have in personam liability to creditors, [however] such personal liability is "capped" by the value of the corporate assets received by the officer or director. By contrast, a *shareholder* who receives assets from a corporation in dissolution does so as a true constructive trustee for the benefit of the creditors of the corporation and has only in rem liability. . . subject to traceability into the hands of third parties." 931 F.2d at 1079-1080.

The second issue raised in the cross-motions for summary judgment pertains to whether SWC is the 100 percent shareholder of PITA. The Chapter 7 trustee argues that SWC *is* the 100 percent shareholder of PITA and that, as such, standing devolves upon her to avoid a transfer of PITA's assets to the Africh Defendants by piercing PITA's corporate veil to reach SWC or by substantively consolidating the two entities. Conversely, the Africh Defendants argue[8] that SWC (and, by extension, the Chapter 7 trustee) was *not* the sole[9] shareholder of PITA, relying on various PITA stock certificates issued to other parties in 1998 (Doc. No. 388 in Adv. Pro. No. 04-77; Doc. No. 244 in Adv. Pro. No. 04-79). The standing issue raised by both parties involves a material factual dispute—was SWC the 100 percent shareholder of PITA or not? The resolution of this issue necessarily requires evidence and precludes granting either party's motion for summary judgment as a matter of law. Accordingly, the cross-motions for summary judgment are denied. A separate order consistent with this Memorandum Opinion will be entered.

DONE AND ORDERED in Orlando, Florida, on August 27, 2009.

KAREN S. JENNEMANN
United States Bankruptcy Judge

---

[8] The Africh Defendants also argue that, even if SWC was a PITA shareholder, mere stock ownership does not confer standing to SWC, or, by extension, to the Chapter 7 trustee. The Africh Defendants provided case law for the proposition that stock ownership does not confer standing rights and that a debtor's ownership of stock in a corporation, such as SWC's alleged ownership of PITA's stock, does not mean that the stock/corporation is property of the debtor's estate. The cited cases are factually distinguishable in that they speak to the rights of shareholders to assets of *existing* corporations, not dissolved corporations (e.g., Byerly v. Camey, 161 S.W.2d 1105 (Tex.Civ. App.—Fort Worth 1942, writ ref'd w.o.m.), Cambridge Tempositions, Inc., v. Cassis, III, (In re Cassis, III), 220 B.R. 979 (Bankr. N.D. Iowa 1998) and did not involve similar veil piercing/substantive consolidation claims (e.g., In re Blackwell, 267 B.R. 732 (Bankr. W.D.Tex—San Antonio, 2001)), as are asserted here. The argument and case law is irrelevant in this case and on the issue of a corporation's standing when a shareholder receives all legal and equitable title to unliquidated assets held by a dissolved corporation.

[9] For purposes of the cross-motions for summary judgment, the Court will not consider the possible scenario that SWC was less than 100 percent shareholder of PITA.

Copies provided to:

Debtor:  Seminole Walls & Ceilings Corp., 333 E. Landstreet Road, Orlando, FL  32824

Debtor's Counsel:  Frank M. Wolff, 1851 West Colonial Drive, Orlando, FL  32804

Plaintiff/Trustee:  Carla Musselman, 1619 Druid Road, Maitland, FL  32751

Plaintiff/Trustee's Counsel:  Bradley M. Saxton, Jennifer A. Jones, P.O. Box 1391, Orlando, FL  32802-1391

Africh Defendants' Counsel:  Roy S. Kobert, Nicolette C. Vilmos, 390 North Orange Avenue, Suite 1100, Orlando, FL  32801

Defendant Jasgurs' Counsel:  Elizabeth A. Green, Esquire, 390 N. Orange Avenue, Suite 600, Orlando, FL  32801

Richard Lee Barrett, Barrett Chapman & Ruta, P.O. Box 3826, Orlando, FL  32802

United States Trustee, 135 W. Central Blvd., Suite 610, Orlando, FL  32801